### PASTORINO *v.* PALMER.

REFORMATION OF INSTRUMENTS—MISTAKE—EVIDENCE.

Under conflicting testimony, in a suit to reform a lease and to correct a mutual mistake, the opinion and decree of the lower court that the evidence failed to disclose a mutual mistake with such a degree of certainty as to justify reformation, is sustained.

Appeal from Wayne; Hosmer, J. Submitted October 6, 1910. (Docket No. 10.) Decided November 11, 1910.

Bill by Domenico Pastorino and Louis Schiappacasse against Thomas W. Palmer and Friend Palmer for the reformation of a lease. From a decree dismissing the bill, complainants appeal. Affirmed.

*Bowen, Douglas & Eaman*, for appellants.

*Chamberlain, May, Denby & Webster*, for appellees.

MOORE, J. In May, 1897, the complainant Pastorino

entered into a written lease with Friend Palmer for the store known as No. 82 Woodward avenue, to be occupied as a fruit store. The lease was drawn by Otis Scott, the agent of Friend Palmer. The other complainant became surety for the payment of the rent. Mr. Pastorino took possession of the premises, and paid the rent from month to month until July, 1898. After that date, he failed to pay his rent, and a notice to quit was served upon him October 10, 1898. Some time after that he vacated the premises. In June, 1899, Friend Palmer sold his interest in the lease and his claim against the surety to Thomas W. Palmer, who, in September, 1901, commenced suit to recover for the unpaid rent. The bill of complaint was filed in this cause in February, 1902. For some reason the case was not pressed to hearing, and from a decree made in June, 1909, the case is brought here by appeal.

The substance of the bill of complaint is that, when the lease was drawn, it was orally agreed that no competing business should be allowed in the block where the store was situated, that this agreement was to be put in the lease, that it was violated, and it is claimed that complainants were injured and should not be requred to pay the rent.

Among other things prayed is the following:

"(a) That the lease or contract may be opened, and that the court cause to be inserted therein, as one of the conditions thereof, the condition or agreement between said Pastorino and said Friend Palmer or his agent, as in this bill set forth, viz., that the said party of the first part, the defendant Friend Palmer and the said Thomas W. Palmer, as assignee of said lease, should rent to no one else any store, stores, or parts of said Merrill block or building for the purpose of carrying on a business such as your orators represented themselves as desirous of carrying on, viz., the retail sale of fruits, soda water, nuts, candy, cigars, etc.

"(b) That this court will cause the contract, marked 'Exhibit A,' attached to this bill of complaint, to be opened, and will insert therein a paragraph showing the scope of the business which it was understood your ora-

tor Pastorino desired to carry on relative to the variety of stock intended to be carried as it shall be proven to have been understood between the parties, and that no other party should be allowed to carry on any similar business on the above described premises during the occupancy of said premises by complainant Pastorino."

It was prayed that the surety might be released. There was also general prayer for relief. In discussing the bill of complaint, the circuit judge, who saw and heard the witnesses, expressed himself in part as follows:

"Now I have listened to the testimony of Mr. Schiappacasse as it was originally given, and the testimony of the complainant in this case, Mr. Pastorino, and I have had the testimony read to me on the hearing yesterday. I am perfectly willing to believe that Mr. Schiappacasse and Mr. Pastorino expected at the time of the lease that there should be no competition by reason of letting any other premises in the Merrill Block for a similar purpose, but I am not satisfied from the testimony which has been adduced in this case that there was that mutual mistake which the law can rectify. It was to be leased for a fruit store according to the terms of the lease, and I am not satisfied from the testimony which is here offered that it was understood by Mr. Scott exactly what was comprehended by the term fruit store, or exactly what was expected, that the parties there should carry on, and I am not satisfied that the evidence which has been presented in this case is so clear or so convincing that it affords an opportunity for a court of equity to decree a reformation of the lease."

He then spoke of what had been done, and what had not been done, and found there had been laches on the part of complainants. There is a sharp conflict in the testimony. The language of the lease is not uncertain. Mr. Scott, who apparently has no interest in the controversy, swears positively that the written lease contains all of the agreement between the parties. Friend Palmer died before the case was heard. The conduct of the complainant Pastorino is not consistent with the complainants' present claim. It would profit no one to reproduce here in detail the testimony. It does not disclose fraud upon

the part of anybody.   We agree with the trial judge that it fails to disclose a mutual mistake with any such degree of certainty as would justify a court in changing the written contract entered into by the parties.   See section 859, Pomeroy's Equity Jurisprudence; *Shepard* v. *Shepard*, 36 Mich. 173; *Burns* v. *Caskey*, 100 Mich. 94 (58 N. W. 642); *Kinyon* v. *Cunningham*, 146 Mich. 430 (109 N. W. 675).

This conclusion must decide the case so that it is unnecessary to enter into the question of laches.

The decree is affirmed, with costs.

BIRD, C. J., and OSTRANDER, HOOKER, and McALVAY, JJ., concurred.